## CHICAGO, R. I. & P. RY. CO. et al. v. STATE et al.

No. 17016—Opinion Filed June 29, 1926.

Rehearing Denied Dec. 14, 1926.

**1. Corporation Commission—Appeal — Presumption in Favor of Orders.**

"Prima facie just. reasonable and correct," in section 22, art. 9, is a presumption arising upon the findings of the Corporation Commission that the order based upon such facts is presumed on appeal in this court to be just. reasonable. and correct. subject to be overcome or rebutted by the facts in the record, as weighed and found by this court in reviewing the same.

**2. Same—Permit to Operate Motor Truck Line Sustained.**

This court has examined the record, including the testimony and the findings of the Commission in this case, and held, that the findings of the Commission when clothed with the presumption are reasonable, just and correct, and that the order of the Commission should be affirmed.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Appeal from Corporation Commission.

Petition by A. T. Walker for permit to operate .freight trucks between Oklahoma City and Shawnee. From the order of the Corporation Commission granting such permit, the Chicago, Rock Island & Pacific Railway Company appeals. Affirmed.

W. R. Bleakmore, John Barry, A. T. Boys, and W. F. Collins, for plaintiff in error.

F. H. Reily and Clark Owsley, for defendants in error.

Opinion by MAXEY, C. On the 21st day of March, 1925, an application was filed by A. T. Walker before the Corporation Commission of the state of Oklahoma for a permit to operate motor trucks between Oklahoma City and Shawnee. It appears from the record that A. T. Walker had been operating a truck line between Oklahoma City and Shawnee prior to the date of this application. Complaint was made against his operating said truck line without a permit, and the Corporation Commission ordered him to cease operating said truck without a permit. He thereupon stopped operating a truck line and applied for a permit. His application was set down for hearing before the Corporation Commission, and testimony was taken both by Walker and the Chicago, Rock Island & Pacific Railway Company, and the Oklahoma City-Ada-Atoka line; and from the testimony taken, the question involved was gone into thoroughly by both sides. It seems that the proposed truck line runs parallel with the Chicago, Rock Island & Pacific Railroad to Shawnee, and also the Oklahoma City-Ada-Aroka line. It was the purpose of the truck line to serve the stations of Choctaw, Harrah, Dale, and other stations, some of which were inland towns, that is, off the railroad. There was much testimony introduced to show the necessity for this truck freight line, and a comparison was made between the amount of freight carried over the railroad when there was no truck line in operation, and also a comparison was made as to the time it took to get a load of freight over the line by the railroad and by the truck line. The truck line left Shawnee at 8 o'clock in the morning and arrived at Oklahoma City at 11 o'clock the same morning, and made its last trip leaving Oklahoma City at 2 o'clock in the afternoon, and arriving at Shawnee at 5 o'clock the same afternoon. The time to get freight from Shawnee to Oklahoma City or from Oklahoma City to Shawnee by railroad varied all the way from five hours to 12 or 15 hours. A large number of wholesale merchants, both in Shawnee and in Oklahoma City, joined in this petition, asking

that a permit be granted the truck line company. It was contended by the wholesale merchants that they got quicker service and more satisfactory service from the truck line when it was in operation, than they are able to get from the railroad company: that under the truck line transportation, they were able to make two deliveries a day, both in Shawnee and Oklahoma City, and that the trucks could be loaded from the business houses and could be unloaded the same way at their destination, and dispensed with the hauling from the storage house to the depot, and from the depot to the storage house at the other end, and that it saved much time in hauling of the freight. The principal contention of the railroad companies was that they were a common carrier. operating along this line, and that the permitting of a truck line to be operated along the line of its railway reduced the freight carried over its line to such an extent that its freight rates received for hauling freight made it unprofitable to haul freight. These were the principal contentions made before the Commission, and the testimony taken before the Commission is incorporated in the record and discussed in the briefs of the respective parties.

At the close of all the testimony and the argument in the case, the Corporation Commission issued its order granting to A. T. Walker a permit to operate a freight truck line between Oklahoma City and Shawnee and intermediate towns; and it is from this order granting the permit that the Chicago, Rock Island & Pacific Railway Company has appealed.

We have read the entire testimony in the record, and also the briefs of the respective counsel, and under the rule adopted by this court, that the findings of the Corporation Commission are prima facie evidence and the correctness of its findings applies to the facts found, and when there is sufficient testimony to make a prima facie showing in favor of the findings of the Commission, the burden then shifts to the railroad company or the parties attacking the findings to show that there is not sufficient testimony to justify the findings of the Commission.

There have been a number of cases before this court on appeal from the Corporation Commission, and in the case of A., T. & S. F. Ry. Co. v. State et al., 23 Okla. 210, 100 Pac. 11, the following rule is announced in the third syllabus of the opinion:

"Prima facie just, reasonable and correct, in section 22, art. 9 (section 235, Bunn's Ed.; Snyder's Ed. p. 259) of the Constitu-

tion, is a presumption arising upon the finding of the Corporation Commission that the order based upon such facts is presumed on appeal in this court to be just, reasonable, and correct, subject to be overcome or rebutted by the facts in the record, as weighed and found by this court in reviewing the same."

This rule has been followed in the following cases: Chicago, R. I. & P. Ry. Co. v. State et al., 24 Okla. 370, 103 Pac. 617; St. L. & S. F. Ry. Co. v. Williams et al., 25 Okla. 662, 107 Pac. 428; A., T. & S. F. Ry. Co. v. Miller, 28 Okla. 109, 114 Pac. 1104; A., T. & S. F. Ry. Co. v. State et al., 28 Okla. 476, 114 Pac. 721; Midland Valley Ry. Co. v. State et al., 107 Okla. 234, 232 Pac. 113; Oklahoma Natural Gas Co. v. Corporation Commission et al., 90 Okla. 84, 216 Pac. 917; Ex parte Tindall, 102 Okla. 192, 229 Pac. 125. The foregoing cases are sufficient to show that this court is wedded to the rule that on an appeal from an order of the Corporation Commission, requiring additional facilities in the transportation of freight, if there is evidence reasonably tending to support the order of the Commission, the prima facie presumption of the order being reasonable, just, and correct, and obtaining by reason of section 22, art. 9 of the Constitution, the burden is upon the appellant to overcome that presumption. Applying this rule to the instant case, we are constrained to hold that the presumption in favor of the order of the Commission has not been overcome by the appellant, and that the order of the Commission granting the permit to operate a freight truck line between Oklahoma City and Shawnee, and the presumption of law in its favor of being reasonably necessary and correct, has not been overcome, and the order of the Commission is therefore affirmed.

By the Court: It is so ordered.

Note.—See 10 C. J. p. 55 §41.