**OKLAHOMA GAS & ELECTRIC CO. v. GRAIN EXCHANGE BUILDING.**

No. 17846. Opinion Filed June 12, 1928.

(Syllabus.)

1. **Electricity—Public Utility Rates—Binding Effect of Consumer's Contract as to Manner of Service.**

A public utility engaged in the sale of electricity at rates fixed by the Corporation Commission, schedule of which is on file with the Commission and open to public inspection, has the right to act affirmatively upon its contracts made with consumers within the limitations fixed by law, and rely thereon in the absence of actual notice otherwise as being the manner in which its service is to be rendered to the consumer at the particular premises designated in the contract.

2. **Same—Corporation Commission's Order for Refund to Consumer not Sustained.**

Record examined, and held, that the Corporation Commission in this case erroneously found the facts on which the order was based, and that the evidence was insufficient to sustain the same, for which reason the order of refund is vacated and the cause dismissed.

Commissioners' Opinion, Division No. 2.

Appeal from Order of State Corporation Commission.

Complaint by the Grain Exchange Building Company against Oklahoma Gas & Electric Company for refund of overcharges for electric service. From an order requiring respondent to refund the overcharge, respondent appeals. Order vacated and complaint dismissed.

L. J. Sartain and Rainey, Flynn, Green & Anderson, for appellant.

Geo. H. Giddings, Sr., for appellee.

TEEHEE, C. On April 10, 1926, the State Corporation Commission, in cause No. 6634, pending before it, entered its order No. 3387, requiring the appellant, the Oklahoma Gas & Electric Company, respondent below, to refund to the appellee, the Grain Exchange Building Company, complainant below, the sum of $2,767 as an overcharge collected by respondent from complainant for electric service rendered from June 8, 1921, to September 18, 1924. Respondent, feeling itself aggrieved by the order entered against it, filed its application with the Corporation Commission for certification of the cause to this court for review.

Briefly, the complaint on which the hearing was had substantially averred that, during the period covered by the order, respondent furnished complainant with electric current for the service of a six-story building located in Oklahoma City, owned by complainant, under two written contracts, measured through two meters at a rate fixed by law, whereas only one meter was necessary for the service required; that if the service had been rendered through a single meter, the charge rate for the same service would have been made under a sliding scale rate which was lower than the rate charged; and that as a result of the manner of service, complainant had paid the respondent a sum in the amount of the refund ordered in excess of what would have been paid under the sliding scale rate, which excess respondent in equity and good conscience was not entitled to retain.

At the hearing, complainant's contention, in effect, was that, since the respondent was a public utility engaged in serving the public with electricity, it was under obligation to complainant as a consumer to afford it electric service at the most reasonable available rate under the schedule of rates as fixed by the Corporation Commission, and that respondent had notice from its transactions with complainant by the manner of payment for the service rendered under the two contracts that complainant, as owner of the building, was entitled to service under a single contract and through a single meter.

Respondent contended, in effect, that since

its business was conducted with complainant through the means of contracts on file in respondent's office, as is the case with all consumers, the manner of payment for service rendered thereunder was not notice to it that complainant was entitled to a rate other than that charged in conformity with the contracts.

The vital points of the evidence showed, substantially, that at the time complainant acquired the property, electric service was being rendered under two contracts and each provided for a meter. One was in the name of a tenant and the other in the name of the former owner. Shortly thereafter the tenant vacated the building, whereupon complainant executed a contract as in substitution of that of the tenant. The dual contract service continued until it was brought to the attention of the respondent that complainant was the owner and had control of the entire building, whereupon the necessary change in the wiring of the building was made at about the last-named date in the order, and the service thereupon was rendered under a single contract through a single meter at the sliding scale rate. During the pendency of the two contracts, the bills were rendered monthly in the name of the contractees named in the contracts, which were paid by a single check transaction by complainant, and upon receipt credited to the two accounts in their proper amounts. It was not unusual for several accounts to be thus paid. The respondent would not know of a change in relationship of a consumer to it except upon advice of termination of the contract by the consumer or through nonpayment for service rendered where the consumer had neglected to so inform it of such termination.

There was nothing on the face of the contract executed by complainant in lieu of that of the tenant that showed complainant's ownership and complete control of the building. The contracts on file were in evidence and these expressly provided that electric current furnished thereunder would be by meter as to each contract, and bills rendered on the meter readings at the established rates per kilowatt hour as shown by the schedule thereof on file with the Corporation Commission. The difference in the cost of service between a two meter reading and a single meter reading for the time involved was $2.767. This state of facts the Commission held sufficient to constitute notice to the respondent that complainant was entitled to the sliding scale rate, and

accordingly made its findings of fact, and thereupon entered the order of refund from which this appeal was taken.

The record thus presents the single question of whether or not the Commission, under this state of the evidence, erroneously found the facts on which its order was based. It is of course the rule on appeal that the findings of fact by the Corporation Commission and the order based thereon are prima facie correct and must be sustained unless the same be overcome or rebutted by the facts in the record as may be found by the appellate court. Chicago, R. I. & P. Ry. Co. v. State, 123 Okla. 31, 190, 251 Pac. 1044, 252 Pac. 849.

Our function in the state of the case is to weigh the evidence. Upon such consideration it appears to us that the logical effect of the evidence established on the one hand that the complainant, having been put upon the exercise of its diligence, failed to make inquiry in time to obviate the ill effects of a delayed vigilance. It had notice of the existence of the two contracts and that electric service was being rendered in accordance with the terms thereof which were not in contravention of the rates fixed by law. Upon notice to the respondent it was given the benefit of the sliding scale rate. On the other hand it established that the respondent was in the exercise of its powers in that relation clearly in a manner not in contravention of the limitations fixed by the Commission then effective. Its contractual relationship with complainant was based on written contracts which were explicit in their terms, and that its service to complainant was rendered conformably thereto. A public utility engaged in the sale of electricity at rates fixed by the Corporation Commission, schedule of which is on file with the Commission and open to public inspection, has the right to act affirmatively upon its contracts made with consumers within the limitations fixed by law, and rely thereon in the absence of actual notice otherwise as being the manner in which its service is to be rendered to the consumer at the particular premises designated in the contract. Okmulgee Gas Co. v. Kelley, 105 Okla. 189, 232 Pac. 428. In our opinion the evidence failed to establish that respondent had such actual notice so as to charge it with liability in the premises of this case. This is fully confirmed by the fact that complainant was given the benefit of the single contract rate upon notice to respondent of the conditions under which

service was being rendered and effectuation of the necessary change in wiring arrangements.

It must therefore necessarily follow that the Commission erroneously found the facts on which the order was based, and that the evidence was insufficient to sustain the same, for which reason the order of refund is hereby vacated and the cause dismissed.

HERR, REID, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 20 C. J. p. 336, §29.