### TURNER v. STATE et al.

No. 27736. Feb. 8, 1938.

J. K. Wright and A. F. McGarr, for plaintiff in error.

John A. McDonald, for defendants in error.

BAYLESS, V. C. J. This is an appeal from the Corporation Commission, involving a controversy between operators of bus lines. Missouri, Kansas & Oklahoma Coach Lines, Inc., applied to the Corporation Commission of Oklahoma for permission to operate a class "A" motor carrier service between Cushing, Okla., and Seminole, Okla. Fred O. Turner, doing business as Turner Transportation Company, appeared and opposed the application. An order was entered in favor of the applicant over the protest, and Turner appeals.

Cushing is located about 12 miles west of Drumright, on State Highway 33, and M., K. & O. operates a class "A" motor carrier service east and west through these towns. About four miles west of Drumright on said Highway 33. State Highway 48 branches off to the south, and passes through Stroud, Prague, and Seminole. Several years ago two services were authorized; Pickwick Greyhound having authority to operate from Cushing to Seminole, and Vaughn having authority to operate from Stroud to Seminole. Vaughn's route from Stroud to Seminole was in a north and south direction

generally. The Pickwick route led east from Cushing along Highway 33 to the point where Highway 48 turns south, and thence it proceeded south along Highway 48 through Stroud and Prague into Seminole, and return. Pickwick transferred this route to Vaughn, with the approval of the Corporation Commission. It appears that Vaughn did not operate into Cushing, but instead used Drumright as his northern terminus, and passengers bound to Cushing transferred to busses of M., K. & O. and completed the journey. It does not appear whether the Corporation Commission approved this variation in route. About January 3, 1930, Vaughn applied to the Corporation Commission for authority to transfer this route to M., K. & O., said application reciting:

"* * * That the public interest will be served, its convenience afforded and necessities supplied, by permitting the operation of busses from Seminole via Prague and Stroud into Drumright and there connecting with the operation of the Missouri-Kansas & Oklahoma Coach Lines."

This application was approved simply by notation of approval of a majority of the members of the Corporation Commission. It is said that M., K. & O. operated this service for a while, and then abandoned the service in 1929, and it is not shown that the Corporation Commission knew or approved of this step. June 11, 1934, M., K. & O. applied to the Corporation Commission for permission to transfer this operation to Turner. August 13, 1934, the Corporation Commission entered an order approving the transfer, and recited that Turner had authority to operate "Class A motor carrier service in Oklahoma for the transportation of passengers between Drumright and Seminole, via State Highway No. 48 * * *"

Turner began operating this service, and transferred traffic for Cushing to M., K. & O. busses at Drumright.

June 10, 1936, M., K. & O. filed a petition with the Corporation Commission reading in part:

"Your petitioner is the holder and owner of certificate No. 34 issued by this commission, which authorizes the carriage and transportation of passengers intrastate from and between Cushing to Seminole, via State Highways 12 and 48. That said certificate No. 34 is a consolidation of certificates held by your petitioner and which, among those being consolidated therein, is certificate No. 1301. which authorizes your petitioner by reason of this Commission's approved assignment to it, to render intrastate motor vehicle service from Cushing to Seminole

over the route heretofore set forth. That said certificate No. 1301, in so far as it covers the route from Cushing to Seminole, is still owned and held by your petitioner and has never been transferred or assigned to any person, firm or corporation and is a part of consolidated certificate No. 34 held by your petitioner. Your petitioner further states that there is at present no person, firm, or corporation rendering class A intrastate motor vehicle service from Cushing to Seminole and that public convenience and necessity requires the reinstatement and commencement of such service from and between Cushing and Seminole, inasmuch as there is at present no carrier rendering class A intrastate passenger service by motor vehicle from and between said termini nor does any carrier other than your petitioner have authority from this honorable commission to render such service."

Turner filed an answer and protest containing, generally, a denial that M., K. & O. has any right or authority to operate between Cushing and Seminole; a denial of the allegation that no motor vehicle carrier service is being rendered between said points; and an allegation that public convenience and necessity do not require a change in the present service, and if a hearing does so show the necessity for additional service, that Turner be granted authority to furnish the same. We do not understand the reference to Highway No. 12, as elsewhere the east and west highway is referred to as No. 33, we find no such highway nearby on maps in evidence. An order was made in January, 1937, reading in part:

"Findings: That the movant is the record owner of the commission's certificate No. 34, whereunder for a number of years it has operated, among other, class 'A' motor carrier service between Tulsa and Oklahoma City, via Drumright and Cushing, Oklahoma: That on January 3, 1934, the commission transferred permit No. 1301 from Stanley Vaughn, record owner thereof, to Missouri, Kansas and Oklahoma Coach Lines, Inc., the right to operate class 'A' motor carrier passenger service from Cushing to Seminole; that thereupon the commission amended certificate No. 34 to witness this right.

"That the instant motion is to resume its service from Cushing to Seminole; that the protestant herein claims the sole right to service Seminole from the junction of State Highways Nos. 33 and 48 by virtue of order No. 7852 entered August 13, 1934, which transfers from Missouri, Kansas and Oklahoma Coach Lines, Inc., to Fred O. Turner, the right to operate motor carrier passenger service between Drumright and Seminole, via State Highway No. 48, and while the records of the commission show that Stanley Vaughn by permit No. 1301

was authorized to operate between Cushing and Seminole via said junction, at the hearing on the transfer from Stanley Vaughn to Missouri, Kansas and Oklahoma Coach Lines, Inc., the commission approved the transfer from Drumright to Seminole via said junction, notwithstanding this fact, however, the Missouri, Kansas and Oklahoma Coach Lines, Inc., thereafter continued the operation of motor carrier service between Drumright and said junction and Cushing, it believing in good faith it had relinquished only an interest in this part as well as a part of the controverted route herein, which is from the junction of State Highways Nos. 33 and 48, and Seminole; that the Missouri, Kansas and Oklahoma Coach Lines, Inc., to resume this service between Seminole and Cushing via said junction, would afford a service between Seminole and Cushing which does not now exist.

"The commission further finds that both movant and protestant have an undivided interest in operating the service between said junction and Seminole, although movant, by reason of the transfer evidenced by order No. 7852, should be restricted from the transportation of passengers between said junction and Seminole. * * *

"It is therefore the order of the commission, that the motion to resume service herein filed by Missouri, Kansas and Oklahoma Coach Lines, Inc., between Cushing and Seminole, via the junction of State Highways Nos. 33 and 48, be and hereby sustained, provided, however, that said Missouri, Kansas and Oklahoma Coach Lines, Inc., is hereby restricted from the transportation of passengers between said junction of State Highways Nos. 33 and 48 and Seminole, and the protest be and is hereby overruled."

In our opinion this order of the Corporation Commission is erroneous, and is without support of fact or law; and must be vacated.

Turner contends that it is contrary to law in that a showing of public convenience and necessity must precede the commencement of any service; that there is no evidence to support the ultimate findings and order; and that M., K. & O. is estopped to apply for such competitive service.

It is clear that whatever authority once existed for the operation of a service between Cushing and Seminole as is now permitted, it is nearly ten years since any such service has been rendered. It is to be supposed that a showing of public convenience and necessity preceded the issuance of such authority. However, for years those who have claimed to possess such authority have either failed altogether to render such service, or have rendered a service the equiv-

alent of that now rendered by Turner and M., K. & O. through Drumright transfers. The service now authorized is to all intents new.

In our opinion the controlling factor on the issue whether such passenger service shall be authorized to begin or cease is the public convenience and necessity. So long as such exists, those who have authority to furnish the service have some priority and equities to be protected so long as they adequately supply the required service. However, such grants of authority to furnish such service do not constitute· irrevocable grants. Changes in conditions permit changes of opinion and judgment on the part of the Corporation Commission as to what will best serve public convenience and necessity. We find a statement of the true rule governing the grant or withdrawal of certificates of public convenience and necessity in the opinion in St. Johnsbury, etc., R. Co. v. Cent. Vt. Ry. Co., P. U. R. 1926E, 701, at 707:

"Our function in granting certificates for busses is to determine whether such operation will or will not promote the general good, and we are of the opinion that the same test, the promotion of the general good, must be applied to the matter of the revocation of a bus certificate. As we see it. the Legislature intended to make the issue of the refusal, or the amendment or revocation and cancellation of such certificates all dependent on the general good of the state. In re James, 99 Vt. 265, P. U. R. 1926C, 325, 333, 132 Atl. 40. In this case the Supreme Court held that the general good of the state was 'the pole star by which the commission is to be guided in the discharge of the duties imposed upon it by this statute.' Therefore, estoppel and res adjudicata have no application to the issue."

In the record before us it is abundantly clear that the service rendered for upwards of ten years is the service those engaged in the service, including M., K. & O. for the period it furnished such service before abandoning it altogether in 1929, regarded as practical and sufficient. The record shows no complaint from the public. The record is silent as to the requirement for such service now. The record shows only the application of M., K. & O. to resume a once abandoned and probably assigned service simply upon the theory that it once bought, and thought it retained authority to render such service. In the face of this record, and having in mind public convenience and necessity, we say that the M., K. & O. position and contention is in conflict therewith. In so far as the record is concerned, M., K. & O. abandoned the service without consult-

ing the Corporation Commission. The record shows that it now desires to begin a service in direct competition with a service it formerly rendered and abandoned, and later assigned the right to operate as it had operated, simply upon the theory that it had owned, and in its mind had retained, the right to furnish the proposed service. This is not legally sufficient.

Under the order of the commission, M., K. & O. would be required to operate from Cushing to Seminole, with such traffic as it got at Cushing, and on the return, with such traffic only as it got at Seminole. There is a recognition of competition with an already established service, thereby negativing and rendering untrue M., K. & O.'s allegation that no service now existed between Cushing and Seminole, and making the issue whether a satisfactory service between those points now exists. The Corporation Commission treated that as an issue of law based upon supposed reserved rights. That is not the test. The test is public good, public convenience and necessity, and that is determined upon facts first. There are not facts in this record to support the order.

The order is vacated, without prejudice to the right of M., K. & O., or anyone else, to apply for authority to furnish such service if need therefor is shown to exist.

OSBORN, C. J., and WELCH, GIBSON, and HURST, JJ., concur.