ENID TRANSFER & STORAGE CO., Inc., et al. v. STATE et al.

No. 32499. Nov. 25, 1947.

Rehearing Denied Sept. 14, 1948.
Second Rehearing Denied
April 12, 1949.

*190 P. 2d 150.*

Rainey, Flynn, Green & Anderson and M. M. Gibbens, all of Oklahoma City, for plaintiffs in error.

Jeff H. Williams, of Chickasha, for defendants in error.

PER CURIAM. This is an appeal by Enid Transfer & Storage Company, Inc., and the Santa Fe Trail Transportation Company, from an order of the Corporation Commission issued on August 1, 1945, holding that by virtue of certain certificates of convenience and necessity held by him, Doane R. Farr, dba Clinton Transfer & Storage Company, was authorized to transport freight as a through service between Oklahoma City and Enid over U. S. Highways Nos. 81 and 66.

The proceeding was initiated by an application and amended application filed by the Director of the Motor Carrier Division of the Corporation Commission, alleging that Farr was transporting freight between Oklahoma City and Enid, using U. S. Highway No. 66 between Oklahoma City and El Reno, and U. S. Highway No. 81 between El Reno and Enid, and that the use of said route for a through service between those cities was not authorized by any certificate or certificates of convenience and necessity held by Farr. The proceeding was evidently brought upon the request or complaint of Enid Transfer & Storage Company, Inc., and W. F. Reed and Grace Reed, a copartnership, dba Enid Motor Lines, both of which transported freight between Enid and Oklahoma City over the route above described under certificates of convenience and necessity theretofore issued to or acquired by them. The business of Enid Motor Lines was subsequently acquired by the Santa Fe Trail Transportation Company, which, by order of the commission, was substituted as a party complainant.

From the evidence taken before the commission, upon which the order of the commission was based, it appears that Farr acquired from other parties certificates of convenience and necessity, consolidated as certificate A-20 by order dated January 2, 1936, by one of which he was authorized to transport freight as a Class A carrier between Hinton and Enid, via Bridgeport, Geary, and Greenfield; that the route which he was to take in the transportation of such freight after leaving Greenfield was not expressly set out in the certificate, but that he elected to, and did pass through Kingfisher, which is located on U. S. Highway No. 81, between Enid and El Reno, and that by another certificate, also included in consolidated certificate A-20, he was authorized to transport freight between Oklahoma City and Kingfisher through the town of Okarche. It appears that certificate No. A-20 was a consolidation of several certificates previously issued, and that under it there was no express authority for the transportation of freight by Farr between Oklahoma City and Enid by the most direct route, which was by using

U. S. Highway No. 66 between Oklahoma City and El Reno and U. S. Highway No. 81 between El Reno and Enid, and that if Farr, proceeding strictly in accordance with the authority granted him by said certificate, desired to transport freight from Oklahoma City to Enid, he would be required to take a circuitous route through El Reno, Geary, and Greenfield, then across to Kingfisher and thence from Kingfisher to Enid. Commission experts testified that on such route Kingfisher would be a closed door point, that is, that Farr could neither pick up nor deliver freight at Kingfisher. That part of the certificate which gave him the right to transport from Oklahoma City to Kingfisher over Highways Nos. 66 and 81 did not authorize him to transport freight any further than Kingfisher, which was the terminal point of said route. No certificate of convenience and necessity permitting him to transport freight over Highways Nos. 66 and 81 between Enid and Oklahoma City has ever been issued to Farr or any of his predecessors in the chain of title to certificates now held by him.

Farr contends that the order of the commission was based upon its interpretation of the various permits contained in consolidated certificate No. A-20, and that where such interpretation is reasonably sustained by the evidence it will not be reversed by this court, citing Chicago, R. I. & P. Ry. Co. v. State, 123 Okla. 31, 251 P. 1044, and other cases so holding, but it is significant that no witnesses testified that any of the certificates of convenience and necessity held by Farr gave him authority to transport directly between Oklahoma City and Enid through Kingfisher and El Reno, nor did the commission find that any of said certificates gave him such authority.

The finding of the Corporation Commission, upon which its order is based, is as follows:

"The Commission finds that by reason of Certificate No. A-20 the respondent, Doane R. Farr, an individual, dba Clinton Transfer and Storage Company, is authorized to operate from Hinton to Enid via Bridgeport, Geary, Greenfield, Watonga, and Kingfisher thence via U. S. Highway No. 81 to Enid, and by reason thereof and by reason of his authority to operate from Oklahoma City to Kingfisher said respondent is authorized to transport freight between Oklahoma City, Oklahoma and Enid, Oklahoma over the direct route, to-wit: U. S. Highway Nos. 81 and 66."

The order followed this finding. It, therefore, clearly appears that the commission, by its order, authorized Farr to link up or consolidate the rights given him under two certificates, one providing for service between Oklahoma City and Kingfisher, and the other providing for service between Hinton and Enid through Greenfield and Kingfisher, without any showing of public convenience and necessity therefor.

47 O.S. 1941 §166 provides:

"It is hereby declared unlawful for any motor carrier heretofore defined as a class 'A' carrier, to operate or furnish service within this state without having obtained from the Corporation Commission a certificate declaring that public convenience and necessity require such operation. The Corporation Commission shall have power, and it shall be its duty after public hearing, to issue said certificate as prayed for, or to refuse to issue the same, or to issue it for the partial exercise only of said privilege sought, and may attach to the exercise of the rights granted by such certificate, such terms and conditions as in its judgment the public convenience and necessity may require."

—and further provides:

"Motor carriers must operate and furnish service in strict conformity with the current existing terms and provisions of their respective certificates of convenience and necessity."

Examination of the certificates of convenience and necessity held by Farr

discloses that the right to transport freight between Oklahoma City and Enid through El Reno and Kingfisher is not expressly granted to Farr by any of said certificates. The certificate authorizing Farr to transport from Hinton through Greenfield and Kingfisher to Enid did not expressly grant the right to pass through or serve Kingfisher, and that made it, according to the testimony, a closed door point, making the haul from Greenfield to Enid a dead haul or continuous operation. We think that, in holding that Farr could link up these two routes and thereby in effect acquire the right to transport freight between Enid and Oklahoma City through Kingfisher and El Reno in competition with the holders of existing permits expressly authorizing such service without any showing that such additional service was required by the public convenience and necessity, the commission exceeded the power conferred upon it by the statutes, and gave to Farr a right not granted by the certificates held by him.

Obviously, the certificates originally issued did not contemplate or authorize any such service, as under the certificate authorizing Farr to transport between Oklahoma City and Kingfisher, Kingfisher was a terminal point, and under that part of the certificate authorizing service from Hinton to Enid through Geary and Greenfield, Farr could go through Kingfisher but was not authorized to pick up or deliver freight at such point. Under the certificates held by Farr, the transportation of freight between Enid and Oklahoma City was an operation which would involve the use of so circuitous a route that it would not offer competition to appellants, who were authorized by their certificates to transport directly between Oklahoma City and Enid over Highways Nos. 81 and 66. The certificate of convenience and necessity which gave Farr the right to transport from Hinton through Geary and Greenfield to Enid was obviously intended to serve the territory west and

south of Oklahoma City, which involved no competition with the routes granted to appellants under their certificates. But the order of the commission, if valid, authorized the linking up of the two certificates, the one between Oklahoma City and Kingfisher, the other between Greenfield and Enid through Kingfisher, thus permitting Farr to actively enter into competition with them without any showing on his part of the existence of public convenience and necessity therefor.

The right to so link up or consolidate different routes under such certificates, so as to give the holder of such certificates the right to transport between points named as the most distant terminals in the certificates held by or issued to them, has been considered by the courts in numerous cases involving the construction of statutes similar to ours, and in all such cases which we have been able to find, it is held that such linking up is in effect the inauguration of a new service, and must be based upon a certificate of convenience and necessity authorizing such through service.

One of the leading cases on that subject is Application of Calhoun, 51 Wyo. 448, 68 P. 2d 591. In that case the holder of various certificates authorizing local service between certain points by linking together the authority conferred under the various certificates, sought to establish a through service between the extreme terminal points of the various certificates, which would permit him to transport between such points over a route used by other carriers under certificates of convenience and necessity expressly granting them the right to maintain through service between such points. In the opinion the court cites numerous authorities holding that the right to maintain such through service by linking up the various certificates could not be lawfully vested in the holder unless he first obtained a certificate of convenience and necessity authorizing such through service. Quoting with approval from

278

Pennsylvania R. Co. v. Public Utilities Commission, 116 Ohio St. 80, 155 N. E. 694, the court said:

"An application to convert a local service, operated under two separate certificates, into a through service, is, in effect, an application for a certificate of convenience and necessity to operate a new route, it being in effect an application to change one of the termini of each of the existing certificates and to convert two separate routes into one. Such an application must be made under section 614-91 General Code, as an application for a new route; and such publication and notice 'to all motor transportation companies, street railroads, interurban railroads and steam railroads operating in the territory through which the applicant proposes to operate' must be given as provided in that section; and before an order can issue granting such through service, the Public Utilities Commission must find that the public convenience and necessity require such service."

In Eastridge v. Southeastern Greyhound Lines, 280 Ky. 392, 133 S. W. 2d 95, the Supreme Court of Kentucky held that the linking up of various permits which would enable Eastridge to operate a through bus service between Frankfort and Lexington without first obtaining a certificate of convenience and necessity for such through service, was improper and violative of the statutes governing the issuance of such certificates. In that case the court said:

"It is to be noted that neither of the two certificates of public convenience and necessity, respectively prescribing public bus service routes between Lexington and Midway and Midway and Frankfort, undertook to provide any additional or competing bus service between the said terminals. Each permit was based upon the finding that there existed a public convenience and necessity for bus service between Lexington and Midway and likewise between Frankfort and Midway, between which terminii there was no existing bus service. The authorizing of such service by the Director between the said terminii was obviously proper, as responsive to the needs of the residents of said terminii and of the intervening territory between them. However, the attempt of Eastridge, upon acquiring these two permits, authorizing his operation of bus service for hire over these two short routes between the terminal points therein named, for which no bus service was then provided, to convert the bus service thereunder given him, by linking or combining these permits, into the very different right to operate a through bus service for hire between Frankfort and Lexington, which was a different operation, not granted him under either or both of the permits he had acquired by purchase and lease, was clearly illegal and did not warrant the Director's approval of Eastridge's application for permission to operate such a through competitive bus service between Frankfort and Lexington; nor was he, under the provisions of the Motor Vehicle Act, entitled to be awarded permission to operate such through bus service, effecting such change in the character and extent of the permits held by him, in any other way than that prescribed by the Act, section 2739 j-14, Kentucky Statutes, for the original procurement of a permit for operating such through bus service between said terminals."

To the same effect is Central Truck Lines v. R. R. Commission (Fla.) 27 So. 2d 658; Yonkers R. Co. v. Hume, P.U.R. 1929 C, 665 (N.Y.); Central Truck Lines, Inc., v. Railroad Commission, 118 Fla. 555, 160 So. 26. No authorities to the contrary are cited in respondent's brief, and we have found none.

The cases above cited are well reasoned and the conclusion reached by them is, in our opinion, correct. Obviously, the through service between Oklahoma City and Enid, which can be continued by Farr under the order of the commission appealed from, is a new and different service from any service authorized by the certificates of convenience and necessity held by him. Under the statute above quoted such service must be based upon a certificate of convenience and necessity authorizing that service. There-

fore, before granting him the right to maintain such service, the commission should require him to comply with the statute governing the obtaining of a certificate of convenience and necessity, and if, upon a hearing, he showed by sufficient evidence that the public convenience and necessity required the granting of such permit the commission would be authorized to grant it.

In Turner v. State, 182 Okla. 81, 76 P. 2d 254, we held that the Corporation Commission could not, by issuing an order for service based upon a supposed reserved right, permit service between two points without a showing that such service was demanded by public convenience and necessity, where such service was in competition with an already established service. In that case it was sought to inaugurate a service by the holder of a permit therefor, where such service had not been rendered under such permit for approximately ten years, and apparently adequate service was being rendered by other parties. We said there that whether such service might be put in force after such period of nonuse depended upon whether it was for the public good and public convenience and necessity. We apply the same test in the instant case, and hold that before the commission may permit a through service by the linking together of certificates for service between intermediate points on the route over which such through service is sought to be maintained, there must be a sufficient showing that such through service is demanded by public convenience and necessity.

The order of the commission is vacated, without prejudice to the right of Doane R. Farr, dba Clinton Transfer & Storage Company, to apply for a certificate of convenience and necessity for through service between Oklahoma City and Enid over Highways Nos. 66 and 81.

HURST, C. J., and RILEY, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.