The SANTA FE TRAIL TRANSPORTATION COMPANY, a corporation, Plaintiff In Error,

v.

The STATE of Oklahoma, the Corporation Commission of the State of Oklahoma and Keystone Truck Lines, Inc., Defendants In Error.

No. 42908.

Supreme Court of Oklahoma.

Jan. 27, 1970.

Rehearing Denied April 7, 1970.

Rainey, Flynn, Welch, Wallace, Ross & Cooper, Oklahoma City, for plaintiff in error.

Robert L. Mills, Asst. Gen. Counsel, Oklahoma City, for defendant in error, Oklahoma Corp. Comm.

David D. Brunson, Oklahoma City, for defendant in error, Keystone Truck Lines, Inc.

WILLIAMS, Justice.

This is an appeal by Santa Fe Trail Transportation Co. ("Santa Fe") from an order of this State's Corporation Commission granting Keystone Truck Lines, Inc., ("Keystone") authority to operate a Class "A" interstate and intrastate motor carrier service over certain specified routes between Oklahoma City and Okeene, Southard and Canton, Oklahoma and unitizing and consolidating the territory covered under the authority of the new certificate and the territory which Keystone already served under authority contained in various certificates previously issued by the Commission.

The above order was entered in a proceeding in which two separate causes filed by Keystone had been consolidated for hearing. In Cause Number MC 19780, Keystone sought a consolidated and unitized certificate authorizing Class "A" motor carrier service to, from and between all points and over all routes authorized by certificates numbered A–1081, A–1082, A–1083, A–1118, and A–1119, previously issued by the Commission to Keystone. In summary, the certificates previously issued to Keystone authorized motor carrier service between Enid and Tulsa, Oklahoma; between Enid and Fairview via Meno, Lahoma and Ringwood; between Fairview and Woodward via Cestos, Vici and Sharon; between Enid and Woodward via Orienta; between Tulsa and Enid via Tonkawa (with certain restrictions); between Enid and Chickasha; and, between Oklahoma City and Gotebo via Blanchard, Chickasha, Verden, Anadarko, Fort Cobb, Carnegie and Mountain View. In its application filed in MC 19780, Keystone also sought certain alternative routes

between some of the above towns and cities.

In its application filed in cause number MC 20094, Keystone sought authority to operate a motor carrier service between Oklahoma City and Okeene, Southard and Canton via State Highway 3, U.S. Highway 81 and State Highway 51 and between Fairview and State Highway 51 via State Highways 8 and 58. Keystone also sought to have the requested authority unitized with all present authority held or future authority to be issued by the Corporation Commission.

After hearing evidence in the two causes, the referee entered his report recommending that Keystone's two applications be granted with the exception of certain requested alternate routes. Santa Fe was allowed to intervene by the Commission and filed exception to the report of the referee insofar as such report found " * * * that the public convenience and necessity require that applicant should be allowed to consolidate its certificates and serve intrastate and interstate to, from and between Oklahoma City and Enid, Oklahoma City and Tonkawa and Oklahoma City and Ponca City."

After hearing on exception to the report of the referee, the Commission entered its order approving the report in full except for certain modifications not in issue herein. From this order of the Commission, Santa Fe appeals.

The sole question presented for our determination is whether there was substantial evidence submitted below to sustain that part of the Commission's order authorizing motor carrier service between Oklahoma City on the one hand and Enid, Ponca City and Tonkawa, respectively, on the other, which authority, as can be seen from the above summary of the certificates held by Keystone, the carrier did not have prior to the order involved herein linking together all such certificates.

To support its contention that the Commission erred in authorizing service between Oklahoma City and Enid, Ponca City and Tonkawa, respectively, Santa Fe, citing Enid Transfer & Storage Co. v. State, 201 Okl. 274, 190 P.2d 150, argues that before the Commission may link together various certificates to permit service between cities for which the carrier previously had no authority, there must be a sufficient showing that such service is demanded by public convenience and necessity. Santa Fe contends no evidence was submitted below which related to the public convenience and necessity for service between Oklahoma City and the cities of Enid, Ponca City and Tonkawa.

In Enid Storage & Transfer Co. v. State, supra, we reviewed an order of The Corporation Commission which authorized a motor carrier to link rights granted to him under two certificates, one providing for service between Oklahoma City and Kingfisher, and the other providing for service between Hinton and Enid through Greenfield and Kingfisher, to provide a new separate service between Oklahoma City and Enid. The motor carrier had made no showing of public convenience and necessity for the new separate service. After discussing several authorities from other jurisdictions, this Court, in reversing the order, stated, 190 P.2d at p. 154:

"The cases above cited are well reasoned and the conclusion reached by them is, in our opinion, correct. Obviously the through service between Oklahoma City and Enid, which can be continued by Farr under the order of the Commission appealed from, is a new and different service from any service authorized by the certificates of convenience and necessity held by him. Under the statute above quoted such service must be based upon a certificate of convenience and necessity authorizing that service. Therefore, before granting him the right to maintain such service, the Commission should require him to comply with the

statute governing the obtaining of a certificate of convenience and necessity, and if, upon a hearing, he showed by sufficient evidence that the public convenience and necessity required the granting of such permit the Commission would be authorized to grant it."

In the instant case, it is clear that the service authorized by the order between Oklahoma City and Enid, Ponca City and Tonkawa, respectively, is a new and different service from any service authorized by any one of the certificates held by Keystone and unitized by the Commission. Keystone submitted evidence to support the remainder of the Commission's order. However, from a careful review of the record before us, we find no evidence was submitted relating to the newly authorized service between Oklahoma City and Enid, Ponca City and Tonkawa. In our opinion, the above stated rule from Enid Storage & Transfer Co. v. State, supra, applies and that portion of the order appealed from authorizing the Oklahoma City to Enid, Ponca City and Tonkawa service must be reversed.

Although in effect admitting that the record was void of any evidence showing a public convenience and necessity for that portion of the order complained of herein, the Commission, citing Mistletoe Express Serv. v. Corporation Commission, Okl. 316 P.2d 865, contends that direct testimony as to the need for service between several cities and towns is not necessary if there is sufficient evidence to support service in the general area. We cannot agree with this contention.

In *Mistletoe,* this Court reviewed an order authorizing motor carrier express service between Oklahoma City, Tulsa, Miami and small towns in northeastern Oklahoma. On appeal, plaintiff in error, a carrier whose routes paralleled the applicant's routes in many instances, contended there was no evidence to sustain additional service between Oklahoma City and certain specified towns. In affirming the Commissioner's order, we noted that the issue involved was not whether the evidence established a need for additional or duplicated service between certain intermediate points. Rather, we stated that the issue was the public need for service between Oklahoma City and certain points then exclusively served by the applicant carrier. In the opinion, we stated that the placing of the two carriers on a more or less equal basis on certain routes would guarantee better and more efficient service overall.

In the instant case, most of applicant's evidence was directed to the public need for service between cities and towns in western and northern Oklahoma and between Oklahoma City and small towns in western and northwestern Oklahoma. There was no evidence relating to service between Oklahoma City and Enid, Ponca City and Tonkawa, respectively, or as to how such service would aid in promoting better and more efficient service on the other authorized routes. In our opinion, *Mistletoe* is not applicable herein.

Accordingly, that portion of the Commission's order appealed from authorizing motor carrier service between Oklahoma City and Enid, Oklahoma City and Ponca City, and Oklahoma City and Tonkawa is reversed.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, BLACKBIRD, JACKSON and LAVENDER, JJ., concur.

HODGES and McINERNEY, JJ., dissent.